PENICK v. PENICK ET AL.

*Conveyances — Fraud of creditors — Deed executed before suit — But recorded after claim reduced to judgment — Claimant a subsequent creditor, when.*

An action to set aside a conveyance on the ground of fraud does not lie against a grantor who executed the deed, upon which the attack is made, prior to the bringing of suit by plaintiff, notwithstanding the said deed was not placed on record until after the plaintiff had reduced his claim to judgment.

(Decided March 27, 1916.)

APPEAL: Court of Appeals for Licking county.

*Mr. J. V. Hillard,* for plaintiff.

*Messrs. Fitzgibbon, Montgomery & Black,* for defendants.

HOUCK, J.    This case comes here by way of appeal from the common pleas court of Licking county, Ohio, and the relief sought by plaintiff, Dessa P. Penick, is the setting aside of a certain deed executed and delivered by the defendant Eva L. Penick, to her husband, Emless L. Penick, the petition alleging the same to have been made in fraud of the rights of plaintiff and other creditors of the said Eva L. Penick.

The petition in substance avers that at the April term of the common pleas court, in the year 1912, plaintiff recovered a judgment against the defendant Eva L. Penick in the sum of $1,200, with interest from the first day of said term, to-wit, April 1, 1912, at the rate of six per cent. per annum, and for costs; that on the 28th day of August, 1908,

the defendant Eva L. Penick, in contemplation of incurring said debt and with intent to hinder, delay and defraud her creditors, conveyed the following real estate (being house and lots located in the city of Newark, Licking county, Ohio,) to the defendant Emless L. Penick, who well knew said intent, for the colorable consideration of $1 and other considerations, but for no actual consideration whatever, said property being worth at time of conveyance the sum of $2,500; that said Eva L. Penick conveyed said property voluntarily and without consideration to her husband, the said Emless L. Penick, for the purpose of defrauding the creditors of the defendant, and especially this plaintiff; and that within three days after obtaining the above-named judgment the deed conveying to the defendant the above-described premises was placed on record, being recorded on the 23d day of April, 1912, in deed record book No. 219, page 257, of the deed records of said county. Wherefore plaintiff prays that said conveyance may be declared null and void and that she may be decreed equitable relief, etc.

The answer is a general denial of each and all the material allegations set forth in the petition.

The essential facts in this controversy and the ones necessary for the proper determination of the issues in the case are as follows:

The defendant Eva L. Penick, for the consideration of $1, executed and delivered to Emless L. Penick, her husband, a quitclaim deed for the real estate in question, the deed bearing date of August 29, 1908, and being delivered to the grantee by the

grantor on the same day. On the 18th day of May, 1909, the plaintiff commenced a suit in the common pleas court of Licking county, Ohio, asking damages against the defendant Eva L. Penick, for alienating from her the affections of her husband, J. Ray Penick. The cause was tried and on April 19, 1912, a verdict of the jury in the sum of $1,200 was returned in favor of the plaintiff. The deed in question was left for record on the 22d day of April, 1912, and was duly recorded in the record of deeds for Licking county, Ohio, on the 23d day of April, 1912, as appears in volume 219, page 257, of the deed records of said county. The petition in the present case was filed August 4, 1913, and the cause was submitted to this court on a transcript of the testimony taken in the trial of the case in the court of common pleas.

We are of the opinion that there are but two questions necessary to be considered in the present case, and upon these the rights of the parties hereto must be determined. First: Was the plaintiff, under the facts in this case, a creditor of the defendant Eva L. Penick, at the time her suit for damages was filed? Second: Was the deed in question from Eva L. Penick to her husband, Emless L. Penick, voluntarily made, was it executed without consideration, and was it done for the purpose of defrauding Dessa P. Penick, a creditor?

Addressing ourselves to the first question it will be necessary to determine whether Dessa P. Penick was a creditor of Eva L. Penick, as contemplated in law, at the time of the execution and delivery of the deed in question, or was, under the facts as shown by the evidence, a subsequent creditor. If

she was a creditor at the time of the execution and delivery of the deed in question, then she is entitled to prosecute this suit; but if she became a creditor thereafter, then she has no right in law to prosecute the same.

The evidence in this case shows that the deed was executed on the 28th day of August, 1908, and the suit for damages was filed May 18, 1909. A mere claim for damages for the alienation of affections certainly is not a credit until it is reduced to judgment, and Dessa P. Penick in her suit for damages against Eva L. Penick is not a creditor, within the meaning of the law upon the subject of conveyances in fraud of creditors, until her reputed claim has been reduced to judgment. The mere fact that Dessa P. Penick threatened to bring suit for damages against her mother-in-law, Eva L. Penick, in no wise makes her a creditor, because the suit might never have been brought and judgment might never have been obtained. Therefore, in the instant case, a court of equity would not be justified in setting aside the deed in question, even though the deed was without consideration, in the face of the fact that the plaintiff was a subsequent creditor. The burden in this case was upon the plaintiff to show that she was a creditor of Eva L. Penick at the time of the execution and delivery of the deed in question, and that the real estate described in the deed was transferred by the defendant Eva L. Penick with intent on her part to defraud the plaintiff. We feel that our theory of the law in this regard is well established by the principles laid down in the cases of *Evans et al.* v. *Lewis,* 30 Ohio St., 11, and *White* v. *Gates,* 42 Ohio St., 109, 112.

As to the second proposition, it will be conceded that fraud is never inferred, but must be alleged and proved by clear and convincing evidence. The instrument sought to be set aside in the case at bar is a deed, which the evidence clearly and conclusively shows was properly and legally executed by the grantor and delivered to the grantee; and a court of equity can not and will not set it aside upon the ground of alleged fraud as to a creditor unless the claim made by the alleged creditor is fully established by a degree of proof that will warrant such action, under the peculiar facts and circumstances indicated by the evidence submitted in the case, applying thereto the well-established principles of law applicable to the same.

We feel it is the settled policy of not only this but other states, as indicated by repeated decisions of our courts of last resort, that deeds executed in conformity to law shall not be set aside except upon such evidence as will clearly satisfy the court that the claim of fraud has been fully and completely established, the mere preponderance of the evidence not being sufficient.

Upon the whole case we are satisfied that the plaintiff has not made out her claim by such clear and convincing evidence as will entitle her to the relief prayed for in her petition. Therefore the petition of plaintiff is dismissed at her costs.

*Petition dismissed and judgment for defendants.*

SHIELDS and POWELL, JJ., concur.