## SCHUBELER, AN INFANT, v. LILLY ET AL.

*Pleading—Demurrer does not search record of another case— Judicial notice not taken of record in other case, when— Fraudulent conveyances—Section 8618, General Code— Allegation that plaintiff had cause of action against defendant—Sufficient to admit proof of intent to defraud subsequent creditor—Plaintiff entitled to have conveyance set aside as subsequent creditor, when.*

1. Demurrer does not search court records other than record in case in which it is filed, and a court does not take judicial notice, in ruling on a demurrer, of another case, its filing and petition.
2. Petition, under Section 8618, General Code, giving creditor right of action, where property is transferred with intent to defraud creditors, alleging that plaintiff had cause of action against defendant, not disclosing basis therefor, is broad enough to permit proof that transfer was made with actual intent to defraud subsequent creditors, and sustaining of demurrer thereto was error.
3. As regards right to have alleged fraudulent conveyance set aside, one having valid action in tort against grantor at time of conveyance of real estate, on which an action was subsequently brought and judgment recovered, is to be regarded as subsequent creditor of grantor.

(Decided November 15, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Weiland, Strother & Weiland,* for plaintiff in error.

*Messrs. Williams, Ragland, Dixon & Murphy,* for defendants in error.

CUSHING, J. The two questions presented by the record are: Does a demurrer search court

records other than the pleadings in the case in
which it is filed? Does the petition in the case at
bar state a cause of action?

Prior to December, 1924, Ola R. Lilly owned
real estate in Hamilton county, Ohio. She trans-
ferred it on January 17, 1925, to Katherine Mc-
Millan.

April 15, 1925, Schubeler filed an action against
Lilly seeking to recover the sum of $2,400 "upon
a cause of action which accrued in Hamilton
county, Ohio, on December 30th, 1924."

The action here for review was filed in the trial
court on July 1, 1925. Its prayer is that the trans-
fer of real estate from Lilly to McMillan be set
aside, on the ground that it was made, "with the
purpose and intent to cheat, injure, and defraud
the plaintiff in collecting his claim of $2,400, as
hereinbefore set out, and did, without considera-
tion, convey the above-described real estate to
Katherine McMillan, by deed of general warranty,
etc., and that said McMillan will, unless enjoined,
sell and convey said property to an innocent *bona
fide* purchaser, and thereby cheat, injure, and de-
fraud plaintiff as herein stated."

To the petition the defendants demurred, on
the ground that the petition did not state a cause
of action.

The trial court, in its entry sustaining the de-
murrer, used this language: "The court, on con-
sideration thereof, takes judicial notice of the fact
that the case of *Schubeler* v. *Lilly*, docketed as case
194693 on the records of the common pleas court
of Hamilton county, is an action for unliquidated
damages."

It is evident from the record that the court

examined the petition in the case filed in the court of common pleas on April 15, 1925, on the assumption that the court takes judicial notice of its own record. A demurrer does not search court records other than the record in the case in which it is filed. In *Hamilton* v. *Ohio State Bank & Trust Co.*, decided June 22, 1925, 20 Ohio App., 493, 152 N. E., 731, the court said: "The claim that the court could take judicial notice of the pleadings in that [and other] action is not tenable."

The other question is whether or not the petition stated a cause of action as against the demurrer. Section 8618, General Code, gives a creditor a right of action where property is transferred with intent to defraud creditors of their just and lawful debts and demands, and provides that such transfers shall be utterly void and of no effect. The petition does not state facts that show that Schubeler was a creditor of Lilly. It states that he had a cause of action. The basis of that cause of action is not disclosed by the record. The rule is that one having a valid action in tort against a grantor at the time of conveyance of real estate, upon which an action was subsequently brought and judgment recovered, is to be regarded as a subsequent creditor. *Pfisterer* v. *Toledo, Bowling Green & So. Traction Co.*, 89 Ohio St., 172, 181, 106 N. E., 18. That case also holds that a conveyance might be attacked, if made with actual intent to defraud subsequent creditors.

While the petition states a cause of action in general terms, it might be that it was broad enough to permit proof of actual intent to defraud a subsequent creditor. If so, the demurrer should have been overruled on that ground.

Our conclusion is that the language of the petition is broad enough to permit proof, if there be such, that said transfer was made with actual intent to defraud subsequent creditors. In this view, the judgment of the court of common pleas will be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

BUCHWALTER, P. J., and HAMILTON, J., concur.