KUSHMEDER ET AL. *v.* OVERTON.

*Fraudulent conveyances—Deed from husband to wife not in fraud of creditors—Evidence inadmissible that settlement of negligence action pending when property transferred—Relationship of debtor and creditor not established by automobile accident—Relationship determined by date judgment rendered—Deed executed before action instituted, not in fraud of creditors—Fraud not presumed, but must be proved by convincing evidence.*

1. In suit to set aside deed from husband to wife as executed in fraud of creditors, evidence that, at time of transfer, negotiations for settlement of personal injury action by plaintiff against defendant had taken place to defendant's knowledge, *held* properly stricken, in absence of showing that relation of debtor and creditor existed between plaintiff and defendant.

2. Automobile accident does not in itself establish one causing accident as debtor, when opposite conclusion might be equally made.

3. Relationship of debtor and creditor between parties to automobile accident is determined by date on which judgment for injuries is rendered.

4. Plaintiff recovering judgment in personal injury action against defendant *held* not entitled to set aside deed from defendant to wife executed before bringing personal injury suit under allegations of petition that deed on date thereof was executed to defraud creditor.

5. Fraud is never presumed, but must be proved by strong and convincing evidence.

(Decided December 20, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Day, Corrigan & Day,* for plaintiffs in error.
*Messrs. Gurney & Gurney,* for defendant in error.

SULLIVAN, J.  This cause is here on error from the court of common pleas of Cuyahoga county, and it appears that on April 6, 1921, a collision occurred between the automobile of Herman Kushmeder, plaintiff in error, and the wagon of William Overton, defendant in error.  In January, 1922, a suit was filed by the defendant in error, and service of the same was had upon plaintiff in error in the same month.  On September 8, 1923, a judgment in the sum of $1,050 was rendered against plaintiff in error, by reason of the alleged injuries.

The record shows that on June 2, 1921, the plaintiff in error deeded by quitclaim his one-half interest in a property which at the time was owned by him and his wife.  The suit at bar was brought by defendant in error to set aside this transfer of property on the ground that it was a fraudulent conveyance, and upon trial the conveyance was set aside.

It appears by the petition that the allegations relied upon to set aside the conveyance were that at the date thereof, to-wit, June 2, 1921, in order to defraud his creditors, Kushmeder had deeded the property over to his wife.  It will be noted that the judgment of $1,050 above set forth was not rendered until September 8, 1923.  From the record, there is credible evidence that Kushmeder at the time of the conveyance was solvent, and that he .

deeded the property with a purpose other than an intent to hinder, delay and defraud his creditors. There was some evidence offered to show that at the time of the transfer negotiations for a settlement of the collision case had taken place, and that Kushmeder had knowledge of the same, but all that testimony was stricken out by the court below, on the ground that it lacked that substance and character necessary to make the evidence competent.

We are of the opinion that the court was correct in his views with respect to this evidence. There is no evidence whatsoever in the record that, at the time of the transfer, the relation of debtor and creditor, in the sense of the law, existed between the parties.

It cannot be said that because one has had an automobile accident one establishes himself as a debtor from that fact alone, when the opposite conclusion might be equally as well made.

The judgment of $1,050 was not rendered until September 8, 1923, and the date which determines the relationship of debtor and creditor, and the question of intent, reaches back as far as June 2, 1921. With this situation in the record, we turn to the allegations of the petition, and we find that they are confined, not to the question of hindering, delaying and defrauding subsequent creditors, but to creditors as they existed on the date of the transfer, to-wit, June 2, 1921, and, as before stated, there is no evidence in the record that the Kushmeders were debtors of Overton at that time.

If the petition had been made upon the theory that the conveyance was made to hinder and delay subsequent creditors, and especially the creditor in

the case at bar, then it would require some evidence
of a credible nature to show such an intent. In the
case at bar, while there is an attempt made to make
the proof conform to this class of allegations, the
record in this respect is destitute of testimony to
support such a theory. If the evidence which the
court excluded from the record had gone far enough
to become competent, a different aspect would nec-
essarily have arisen from an examination of the
record, but apparently the inability to make such
evidence definite was what warranted the court in
excluding it, and thus the record is silent as to this
material evidence to support even the theory of sub-
sequent creditorship, as attempted to be outlined
by the evidence even though the allegations of the
petition do not specifically reach the end and object
desired. Of course it goes without saying that
fraud is never presumed, but it must also be proved
by strong and convincing evidence, on account of
the fact that the foundation of fraud is intent, and
it is the latter point that furnishes the reason for
the requirement that the proof to sustain fraud
shall be of a clear and convincing character.

We think the case of *Penick* v. *Penick,* 5 Ohio
App., 416, applies to the case at bar. The report
of the case shows that on August 29, 1908, the de-
fendant executed a deed for the property there in
question to her husband, and that on May 18, 1909,
the plaintiff commenced a suit asking damages
against the defendant for alienation of the affec-
tions of her husband. In the syllabus the court
held:

"An action to set aside a conveyance on the
ground of fraud does not lie against a grantor who

executed the deed, upon which the attack is made, prior to the bringing of suit by plaintiff, notwithstanding the said deed was not placed on record until after the plaintiff had reduced his claim to judgment.''

The court, at page 419, says:

''If she was a creditor at the time of the execution and delivery of the deed in question, then she is entitled to prosecute this suit, but if she became a creditor thereafter, then she has no right in law to prosecute the same * * *. A mere claim for damages for the alienation of affections certainly is not a credit until it is reduced to judgment, and Dessa P. Penick * * * is not a creditor, within the meaning of the law upon the subject of conveyances in fraud of creditors, until her reputed claim has been reduced to judgment.''

On page 420, the court further says: ''Fraud is never inferred, but must be alleged and proved by clear and convincing evidence * * *. Deeds executed in conformity to law shall not be set aside except upon such evidence as will clearly satisfy the court that the claim of fraud has been fully and completely established, the mere preponderance of the evidence not being sufficient.''

Thus it appears that there is a complete failure of proof to sustain the allegations of the petition, and for this reason the judgment of the lower court is hereby reversed and judgment rendered for the defendants below.

*Judgment reversed.*

LEVINE, P. J., and VICKERY, J., concur.