**FRIEDEL, ADMRX v WOLFLE et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided November 16, 1931

Harry F. Payer, Cleveland, for plaintiff in error.

Boyd, Brooks & Wickham, Cleveland, for defendant in error.

VICKERY, J.

Apparently the court below took the view that inasmuch as Emma Friedel, as administratrix, did not become a creditor until the judgment was rendered, there could be no transfer to defraud creditors. That this was the view of the court is apparent from the citation of the cases in the brief filed by defendant in error.

Of course the plaintiff in error, the plaintiff in the action below, was not actually a creditor at the time the transfer of the property on the 11th of November 1926 was made. At best she then had only a cause of action. She afterwards became a creditor, and so was a subsequent creditor; and apparently the court below did not clearly distinguish between the course of procedure where there is a subsequent creditor and where there is a present creditor when a conveyance is made. Where there is a subsequent creditor, if a man transfers his property, **he** must not only intend to convey it for the purpose of defrauding that person out of a claim which such person might afterwards acquire against the transferror if a **cause of action** existed at the time, but in order to be reached by an action to set aside, the party purchasing the property, the grantee, must also intend to aid the transferror in defeating the right of the subsequent creditor, or he must be a gratuitous grantee, and the reason is obvious. If a person has a cause of action and has not reduced it to judgment, he is not in the true sense of the word a "creditor" and, therefore, if the person against whom he has a cause of action transfers his property, even though **he** intended to defraud, unless the grantee intended likewise to participate in that fraud or did not pay anything for the property, the transfer could not be attacked, for the reason that a mere cause of action for which suit has not yet been filed, or even where suit is filed unless it seeks to identify certain property, is not **lis pendens** and, therefore, if a **bona fide** purchaser would purchase that property in good faith and pay for it, his right could not be disturbed. That is the doctrine that is laid down in the **89th Oh St, 172, Pfisterer v Traction Company,** and in all the other cases that have been cited to support this contention. We recognize and acquiesce in that doctrine, but where a person against whom a cause of action exists, either before it has ripened into a judgment, or even before suit is brought, with intent to defraud puts his property beyond reach of a judgment **subsequently** obtained and transfers it without any consideration to a person who has **knowledge of his intention and**

joins in it, such a transfer may be attacked, and the courts will set aside such a transaction; otherwise all one would have to do as soon as one had laid himself liable to a tortious action, would be to transfer his property to his wife or friend, and avoid responsibility so far as being compelled to pay anything is concerned. That is not the law and this court has so held several times.

The case of **Schubeler, an Infant, v Lilly et al, 23 Oh Ap 481,** is a case clearly in point and was decided by the First Appellate District of this state. In that case the exact question that is raised in this case was decided, the opinion being written by Judge Cushing, and we acquiesce in that decision. Judge Cushing says very wisely in that case that the creditor who obtained the judgment, while not a creditor at the time, was a "subsequent creditor," and we think the transfer comes clearly within our second proposition that in order to set aside such a transfer there, must be alleged and proved an intention to avoid or evade the liability for an act committed which afterwards is rendered into a judgment, and that the party must either transfer it without any consideration or the party grantee must participate in the intended wrong. Now in the instant case the petition alleges the operative facts and that for the purpose of avoiding a payment for the subsequent judgment which was afterwards obtained, the defendant intentionally transferred his property to his wife without any consideration whatever.

Such transactions cannot stand. The petition we think stated a complete cause of action; whether the plaintiff could prove what the petition alleges is a matter of utter indifference. The petition alleged and stated a cause of action, and that was that this man after he had become liable to an action in tort to the next of kin for the death of the decedent, transferred all of his property retaining nothing, to his wife, without any consideration whatever.

Now, there is an old maxim, as old as as the law and perhaps older, that a man must be just before he is generous. He cannot give to his wife, nor to any other person for that matter, and thus avoid his legal obligations.

We think the court committed error in sustaining this demurrer and for that reason the judgment will be reversed and the cause remanded to the Common Pleas Court with instructions to overrule the demurrer.

LEVINE, PJ and WEYGANDT, J, concur.