## DETROIT, TOLEDO & IRONTON RD CO v WRIGHT et

Ohio Appeals, 2nd Dist, Clark Co

No 330. Decided Dec 29, 1933

Longley, Bogle & Middleton, and Keifer & Keifer, Springfield, for appellant.

John W. Bricker, Attorney General, Columbus, and Lawrence E. Laybourne, Special Counsel, Springfield, for Superintendent of Banks.

## OPINION

By KUNKLE, J.

This suit is brought under favor of §11104 GC which provides that:

"A sale, conveyance, transfer, mortgage or assignment made in trust or otherwise by a debtor or debtors, and every judgment suffered by him of them against an insolvent or those in contemplation of insolvency and with the design to prefer one or more creditors to the exclusion in whole or in part of others and the sale, conveyance, transfer, mortgage or assignment made, or judgment procured by him or them, to be rendered, in any manner with intent to hinder, delay or defraud creditors shall be void as to creditors of such debtor or debtors at the suit of any creditor or creditors. * * *"

Sec 11103 GC provides as follows:

"The provisions of the next preceding section shall not apply unless the person or persons to whom such sale, conveyance, transfer, mortgage or assignment is made, knew of such fraudulent intent on the part of such debtor or debtors. * * *"

From a consideration of the above sections, it devolves upon plaintiff, before it can avoid the mortgage in question, to establish that the defendant Wright executed the same in contemplation of insolvency and with the intent to prefer the bank to the exclusion in whole or in part of his other creditors and with intent to hinder, delay or defraud his other creditors.

By virtue of the provisions of §11105 GC it is also incumbent upon plaintiff to establish the fact that the bank knew of such fraudulent intent upon the part of the defendant Wright.

These requisites are not only found in the sections quoted, but one of the latest expressions of our Supreme Court upon this subject is reported in the case of **Carruthers et v Kennedy et, 121 Oh St, 8.**

The first and second paragraphs of the syllabus are as follows:

"(1) The conveyance by an insolvent debtor in contemplation of insolvency, made with the design to prefer the purchaser to the exclusion in whole or in part of other creditors, the purchaser not knowing of such insolvency or the design to prefer but believing the vendor to be solvent, is valid.

(2) A conveyance by an insolvent debtor in contemplation of insolvency, made with intent to hinder, delay and defraud creditors, the purchaser not knowing of said insolvency or of such fraudulent intent is valid."

We have read the record in this case, which is short, with care. We will not attempt to quote therefrom in detail, as counsel are thoroughly familiar with the same.

The record clearly discloses the signed statement made by Wright at the time the mortgage in question was given and which statement showed him to be solvent and to have property of some $6000 in excess of his liabilities.

From our consideration of the record we cannot escape the conclusion that the testimony shows that Mr. Orbison, representing the bank, had no knowledge of the terms of the lease of the plaintiff, nor of the then insolvency of Wright or of any intention upon his part to prefer the bank to his other creditors.

The fact that the general depreciation of property and the subsequent foreclosure of the mortgage upon certain real estate in Greene County rendered Wright insolvent would not affect the transaction as of June 7, 1932. This transaction must be determined by the status of the parties as of June 7, 1932, the date of the execution of the mortgage.

When the entire testimony is considered, we cannot escape the conclusion that plaintiff has failed to establish the requisite facts in order to secure the avoidance of the chattel mortgage in question.

The same decree will therefore be rendered in this court as was rendered in the court below.

HORNBECK, PJ, and BARNES, J, concur.