## LEVENDORF v GITTLESON et
## (2 Cases)

Ohio Appeals, 1st Dist, Hamilton. Co

Nos 4859 & 4860. Decided Dec 2, 1935

Joseph L. Meyer, Cincinnati, and Benjamin Schwartz, Cincinnati, for Harry Levendorf.

Julius R. Samuels, Cincinnati, and Moses Ruskin, Cincinnati, for Samuel Gittleson et.

## OPINION

By HAMILTON, J.

This case is here both on error and appeal. The case is a suit brought by Levendorf against Gittleson, and others, wherein it is sought to set aside a conveyance of four parcels of real estate, deeded by Gittleson to his wife and by her to Samuel Goldstein, one of the defendants.

The action was brought under favor of the statute, claiming a transfer of property in fraud of creditors.

The trial court, after hearing the evidence, found in favor of the defendants. In the decree is a separate findings of fact and conclusions of law.

The findings of fact of the trial court fully set forth the questions of fact necessary in the determination of this case and those findings are supported by the evidence. Briefly stated, the following facts are presented by the evidence:

Prior to the world war, Gittleson came to this country from Lithuania, leaving his wife and family in Lithuania. After arriving in this country, he engaged in the junk business. The world war came on and he was not able to get in communication with his family. He carried on a small business. After the war, his wife and family came to this country, she bringing with her, as she testifies, $16,000.00, in cash, American money, which she claims she made in business during the war and immediately following the war. Upon arriving in this country, she and her family went to housekeeping in a flat in the down-

town section of the city. In the meantime Gittleson and defendant Goldstein formed a partnership in the junk business. Goldstein was a brother of Mrs. Gittleson. It soon developed that Mrs. Gittleson was in poor health, and was advised to get a home in the hilltops. She thereupon gave her husband Sam Gittleson $5,000.00 to purchase a home in Avondale. Gittleson purchased the home, paying $5,000.00 in cash and giving a mortgage for some $11,000.00, the balance of the purchase price. He took the title in his own name. Mrs. Gittleson owned an interest in a piece of property on Findlay Street in 1928. In 1930 she sold the property to the City of Cincinnati, which left her a net sum of approximately $11,500.00, which money she gave to her husband Sam Gittleson for the express purpose of purchasing real estate for her. Instead of purchasing real estate for her, he used the money for his own purposes and dealt largely in real estate equities. The four pieces of property in question were taken in his name.

Among the pieces of property, was one on Knott Street, on which there was a first and second mortgage; the second mortgage being held by the plaintiff in this case Levendorf. Gittleson assumed this mortgage when he purchased the property.

On the 31st day of July, 1933, Levendorf recovered a deficiency judgment against the defendant Samuel Gittleson in an action for the foreclosure of a mortgage held by the plaintiff on the Knott Street real estate. It will be noted that this judgment was obtained in 1933.

In June, 1930 differences arose between Gittleson and his wife about the way he was using her money and a divorce was contemplated. She went to see her attorney, who advised against the divorce, and upon a conference with Samuel Gittleson and his wife concerning her money, it was agreed on the advice of counsel that he convey to her the interest in the properties which he had purchased with her money. These properties were numbers 1, 2, 3, and 4 in the plaintiff's petition. He at this time was also the owner of an undivided one-half interest in the junk business with his brother-in-law Goldstein.

It was under these circumstances that the properties were conveyed to Mrs. Gittleson on June 7, 1930. A little later a settlement was had between Goldstein and Mrs. Gittleson in which she conveyed the properties in question and her undivided one-half interest in the junk business to Samuel Goldstein, he paying her the difference in cash.

At the time Gittleson conveyed the four parcels of real estate to his wife, Gittleson owned a group of six buildings on Fulton Avenue, Cincinnati, Ohio, in which he had an equity at that time of an undetermined value. His worth at the time the deeds were made to the property in question was unascertained, and there is no evidence to support the propostiion that he was at the time insolvent. Property values at the time were much higher than they were at the time of the taking of the deficiency judgment, which is the basis of the claim of the plaintiff. If Gittleson had in mind at the time the transfer was made any question of insolvency or preference among his creditors, there is no evidence even tending to show that Mrs. Gittleson knew anything of it. She paid full value for the property. The evidence is that Goldstein paid full value to her. The fact of the general depreciation in the values in property between the time of the transaction in question, June 7, 1930, and the foreclosure of the mortgage, resulting in the deficiency judgment rendered Gittleson insolvent, would not affect the transaction of June 7, 1930, three years previous. The law of Ohio in an action brought under favor of §11105, GC, is that the plaintiff must establish that the grantee knew of the fraudulent intent on the part of the grantor. Detroit, Toledo & Ironton Rd. Co. v Wright et, 48 Oh Ap, 305 (16 Abs 347); Carruthers et v Kennedy et, 121 Oh St, 8.

The trial court was correct in its conclusions of law that the transfer of the four parcels of real estate by Samuel Gittleson to Ida Gittleson, his wife, on June 7, 1930 was made for good and sufficient consideration, and that the transfer from Ida Gittleson to Samuel Goldstein was for good and sufficient consideration and that the plaintiff failed to prove fraudulent intent and failed to prove a preference, as set up in his amended petition, which would affect the validity of the transfer.

A decree may be presented finding in favor of the defendants and dismissing the petition, and an entry may be presented in the error case dismissing the petition in error.

ROSS, PJ, and MATTHEWS, J, concur.