## PARSONS v PABST et

Ohio Appeals, 7th Dist, Mahoning Co

No 2244. Decided Oct 23, 1936

Doyle, Fisher & Stroh, Youngstown, for plaintiff.

John Ruffalo, Youngstown, for defendants.

## OPINION

By ROBERTS, J.

This case came into this court on appeal prior to the present Court of Appeals Procedure Act, and on the 11th day of September, 1935, by agreement of the parties Honorable Dahl B. Cooper was appointed a referee to take testimony and make conclusions on the law and facts involved in all of the issues of the case and report to this court. This cause had its initiative in court by the filing of a petition on the 13th day of February, 1934, in the Court of Common Pleas of this county, in which it was alleged, in substance, that on November 26th, 1930, the defendant, Harry W. Pabst, caused personal injuries to this plaintiff, Ernest C. Parsons, in an automobile accident in Toronto, Canada, and that thereafter the plaintiff commenced an action in the Supreme Court of Ontario, Canada, against said defendant, Harry W. Pabst, for damages for said personal injuries, and on the 25th day of June, 1931, recovered a judgment against said defendant for the sum of $3750.00. No proceedings have been taken to modify, vacate or reverse said judgment in said Canadian court, which had jurisdiction of the parties and subject matter and its judgments are entitled to full faith and credit. On March 16th, 1932, plaintiff filed suit in the Common Pleas Court of Mahoning County, Ohio, which is known as case No. 83993, predicating his cause of action on the judgment hereinbefore mentioned against the said Harry W. Pabst, defendant, and on or about the 16th day of January, 1934, plaintiff recovered a judgment in said case against the deefndant, Harry W. Pabst, in the sum of $4321.25 and costs. No proceedings have been taken to modify, vacate or reverse said judgment, and that execution has been issued upon said judgment and been returned no money made but a land levy made on the property described in Exhibit A. Plaintiff further avers that on the date of the accident in which the plaintiff so received personal injuries, the defendant, Harry W. Pabst, was the owner or part owner of the real estate described in Exhibit A, hereto attached and made a part of the petition as if fully written therein; that on the 29th day of November, 1930, the defendant, Harry W. Pabst, transferred all and singular his property without

any consideration, to his wife, and with intent thereby to prevent the collection of any judgment that thereafter might be rendered against him. Plaintiff further avers that the defendant, Harry. W. Pabst, made said conveyance with the intent and purpose to hinder, delay, cheat, injure and defraud the collection of judgments that might be obtained against him, and particularly the judgment that this plaintiff might obtain against him by reason of the injuries which this plaintiff had received as heretofore stated, and that said conveyance was made with the intent to hinder, delay and defraud subsequent creditors; that said Harry W. Pabst, had reason to believe that this plaintiff would commence an action to recover damages for his injuries, and in order to defeat the payment of any judgment that might be obtained against him, transferred his property to his wife, Lilllian H. Pabst, for the purpose of defrauding this paintiff out of the claim which the plaintiff might afterward acquire against the defendant, Harry W. Pabst, and reduce to judgment. It is further alleged that Lillian H. Pabst, wife of Harry W. Pabst, defendant, had knowledge of the plaintiff's claim and that she intended to aid her husband in defeating the rights of this plaintiff in the event that he secured a judgment, and in the transfer of said property from her husband to her on the 29th day of November, 1930, the said Lillian H. Pabst, was a gratuitous grantee and intended to aid her husband in hindering, delaying and defrauding this plaintiff in the collection of any judgment which he might obtain against her husband; that Lillian H. Pabst, defendant herein, knew of the fraudulent intent in the conveyance of this property to her, and knew that her husband, Harry W. Pabst, defendant herein, had no other property, and that the transfer of the property herein described by her husband to her placed her husband in a position where he was execution proof and that any subsequent creditor would be unable to secure payment of his claim; that the conveyance by Harry W. Pabst to Lillian H. Pabst was a voluntary act of the grantor and the conveyance made with the intention on the part of the grantor and the grantee to hinder, delay and defraud future creditors; that by the transfer of the herein described property, defendant, Harry W. Pabst, transferred all of the property to which he had title and had no other real estate or personal property subject to seizure on execution, and that said transfer deprived

this plaintiff from collecting from the defendant, Harry W. Pabst, his judgment; that the property transferred was of a material value, which the plaintiff was entitled to have subjected to the payment of his judgment. Wherefore, the plaintiff prays that said transfer of real estate from Harry W. Pabst to Lillian H. Pabst, as hereinbefore described, be set aside, vacated and held for naught, on the ground that it was made with the purpose and intent to hinder, delay, cheat, injure and defraud the plaintiff in the collection of his claim, as hereinbefore set out; that said transfer was gratuitous and that the title to said above described property be decreed to be in the defendant, Harry W. Pabst and subjected to the payment of lawful demands against the said Harry W. Pabst, and for all equitable relief to which plaintiff is entitled.

Exhibit A, which contains a description of the property in question, and which is attached to the petition, may be for present purposes sufficiently described as lot No. 36491 in the city of Youngstown, and the second tract being known as lot No. 36492 in the City of Youngstown. Said lot No. 36491 was the lot upon which the residence of the defendant Harry W. Pabst was located, and lot No. 36492 was a vacant, adjacent or adjoining lot.

The defendant, Lillian H. Pabst, for her answer, denied each and every averment, statement and allegation alleged in the plaintiff's petition. The defendant, Harry W. Pabst, admitted that the plaintiff recovered a judgment on June 25, 1931; admits that on March 16th, 1932, suit was filed in this court, being case No. 83993; admits that on January 16, 1934, plaintiff recovered a judgment in the said cause against the defendant in the sum of $3321.25 and costs. Defendant, Harry W. Pabst, denies, however, each and every other statement, averment and allegation as contained in the plaintiff's petition herein.

This cause subsequently came on for hearing in the Court of Common Pleas to a jury. The journal entry in the case, making disposition thereof, reads in pertinent part as follows:

"The court having submitted certain interrogatories to the jury for answer, finds and determines that the evidence does not support the allegations of the plaintiff's petition. It is therefore ordered and decreed that judgment be and is rendered for the defendants against the plaintiff."

This determination was made upon a motion filed by the defendants therefor. Thereupon appeal was made of said issue to this court, with the appointment of a referee, as before stated. The referee proceeded to take testimony and made a determination of law and facts, in writing, which was filed on the 2nd day of April, 1936. On the 4th day of April, 1936, the plaintiff filed a motion for a new trial or rehearing and on said date filed exceptions in the case to the report of the referee, which have now been submitted to this court upon oral argument and written briefs. There is no contention in this case but that the plaintiff recovered against the defendant, Harry W. Pabst, his Canadian judgment, as alleged, and that said judgment was sued upon a judgment rendered in the Court of Common Pleas thereon. There is no contention but what the defendant Harry W. Pabst, returned to Youngstown immediately following the automobile accident which was the subject matter of the suit, went to an attorney in the city of Youngstown, had a deed prepared and executed, and two days after the accident delivered the same to his wife. The deed recited consideration of one dollar and other valuable considerations. The testimony indicates that after the delivery of the deed the husband asked his wife that she pay him something therefor and suggested one dollar or two dollars, and that she thereupon gave him two dollars. It is thus apparent that the issue in this case is the attempt on behalf of the plaintiff to set aside this deed from Harry W. Pabst to his wife, and that said premises be subjected to the judgment and levy thereon of the plaintiff. It may be borne in mind that the premises in dispute now is the first mentioned lot, which is the homestead, that the other lot, which is vacant, was held by the referee to be subjected to the claim of the plaintiff. The evidence indicates that the husband and wife had become somewhat estranged from each other for some time preceding the execution and delivery of this deed. He was at that time staying in Canada and occasionally coming home and visiting his wife and children. The evidence, however, does not indicate that they were not living together as husband and wife, their relations in this respect being subject to his being absent and perhaps engaged in business in Canada.

The evidence does not indicate further that notwithstanding the wife had for some time been urgent in requesting the husband to deed the property to her, that she had any knowledge when the deed was accepted that the automobile accident had occurred or that Parsons had any claim by reason thereof against her husband, and while it does not seem to be disputed that the husband promptly returned home, executed and signed the deed in question with the intent to hinder, delay and defraud his creditors, it is not in evidence that the wife knew when he returned home and stayed there for a few days on this occasion and made delivery of this deed to his wife that Mr. Parsons had been injured by the conduct of her husband or had any claim against him. It was the conclusion of the referee that the wife did not accept the deed with knowledge of these conditions or with intent to hinder, delay or defraud her husband's creditors.

The referee further held that under §11105 GC "that knowledge on the part of the grantee was necessary to establish a right of action against the wife and her title to the property." The referee held that the wife did not have such knowledge. The referee, however, did hold that under §8618 GC the conduct of the husband was an attempt to hinder, delay and defraud in the language of the statute the plaintiff of the collection of the judgment which he had theretofore obtained against him, and that such conveyance, so far as the wife was concerned was without consideration, and further held in favor of the wife upon this proposition upon another ground, which was, in effect, that the wife had a potential claim for alimony as against her husband. Upon this ground only the referee held in favor of Mrs. Pabst, and it is very evident from the plain terms of the referee's report that aside from this matter of alleged potential claim of or right to alimony the plaintiff was entitled to prevail in this action and to favorable recognition of the prayer of his petition.

The issue thus finally narrows down to the single proposition as to whether the wife had or had not any such right. No motion for new trial was filed by the wife or any pleading filed complaining of or asking relief from or modification of the report of the referee. During the argument in this case there was considerable contention regarding the rights, powers and duties of the referee. While of no particular importance in this case at this time, it is thought of interest to cite the case of **Dillon v City of Cleveland, 117 Oh St, 258.** The fifth paragraph of the syllabus reads:

"The Court of Appeals has both inherent and statutory authority to direct a reference in chancery cases pending in that court on appeal from the Court of Common Pleas, and has power to direct a reference, to make findings of fact and report conclusions of law."

Reference is made to page 265 of the opinion in this case where the court quite fully discusses the authority of referees appointed by the Court of Appeals, and with the conclusion that so far as this court was concerned the appointment of a referee to take testimony and report findings of fact and law was fully authorized. The power of the court to accept or reject the referee's report or to make modification and further determination is not questioned.

As to what constitutes "potential alimony" is a matter which has given this court considerable concern. It was not urged by counsel in the case. Nothing in the way of legal recognition of such term has been suggested by the citation of any authority. It seems to have first emanated from the mind of the referee as a condition proper to consider and recognize in this case. At the time of the execution of this deed the wife, Lillian H. Pabst, had asserted no claim for alimony and the plaintiff had no judgment of damages for injuries resulting from the accident but had only a prospective claim, so far as the obtaining of judgment is concerned, against Harry W. Pabst.

Referring to the case of **Fridel, Admrx. v Wolfle et, 41 Oh Ap 564, (11 Abs 548)**, the syllabus reads:

"That subsequent creditor may reach property transferred, transferor must have intended to defraud him and transferee to have aided or be gratuitous grantee."

Citing now **23 Oh Ap, 481, (6 Abs 469), Schubeler v Lilly**, the third paragraph of the syllabus reads:
"As regards right to have alleged fraudulent conveyance set aside or having valid action in tort against grantor at time of conveyance of real estate on which an action was subsequently brought and judgment recovered is to be regarded as subsequent creditor of grantor."

Citing now **18 Ohio Jurisprudence, under the title "Fraudulent Conveyances," page 711, §31:**
"The prevailing view is that the holder of a contingent claim is as fully protected against fraudulent conveyances as the holder of an absolute claim. It seems that one to whom the grantor is only contingently liable is to be considered an existing creditor, even though at the time of the conveyance the contingency creating the actual liability has not happened, and may never happen. In view of those principles liability as surety is as clearly within the statute protecting creditors from fraudulent transfers as liability as principal."

The rule seems to be generally accepted by authorities that the right of a subsequent creditor is entitled to relief as against a gratuitous grantee, and in fact it is not understood that this proposition is contested in this case.

Referring again to the proposition of "potential alimony" recognized by the referee as an existing right at the time of this transfer, this seems to be, so far as any information obtained by this court is concerned, a novel proposition. Considering it in the presence of existing conditions in this case, it will be remembered that at the time the deed was delivered Mr. and Mrs. Pabst were husband and wife. It is not claimed nor shown by the evidence that they were not living together as such, although it does appear that their relations were not wholly cordial. She had previously made a demand of him to convey this property to her. Presumably this was the result, to a considerable extent, of the fact that her husband had been profligate and wilful in his habits and that she was naturally desirous of securing this property for the benefit of herself and children. There is nothing to indicate that she had at this time any contemplation of attempting to secure a divorce and in connection therewith securing a decree for alimony. She took no affirmative action in this case, asked for no relief, did not claim any rights by alimony or otherwise. It appears that she was awarded in her divorce case alimony of $75.00 per month. It is not understood by this court that she could consistently or perhaps legally ask for alimony out of this property, for the reason, as contended by her, her husband had no interest in it, he having previously conveyed to her his whole title and she had a title to the property in fee simple. It would therefore be inconsistent for her to attempt to get alimony out of property which she already owned.

If this proposition of potential alimony were recognized as a valid claim under conditions such as are involved herein, the

stability of titles, where husband and wife were interested or involved or had been, would be imperiled and made uncertain. It could not be said under such rule that any wife now living in harmony with her husband might not hereafter become dissatisfied, bring an action for divorce and alimony and be entitled to maintain that alimony in property which her husband had previously in good faith made conveyance of to some interested party.

The conclusion is reached by this court that it disapproves of the finding of law of the referee in this respect. It becomes apparent with this conclusion of the referee deleted, his findings of fact and conclusions of law should have resulted in the finding of a right in the plaintiff to have the conveyance of the husband to the wife set aside so far as the judgment of the plaintiff is concerned. Concededly there was a mortgage upon this property of some two thousand dollars which should not be disturbed. The conveyance of the husband to the wife, under the conditions involved, was void and of no effect as against the plaintiff, but this avoidance should and is not intended to go any further than to subject the premises now including both lots to the payment of the judgment of the plaintiff subject to the mortgage as aforesaid. The title of the wife in the property is not disturbed beyond the satisfaction of the plaintiff's claim. Counsel may agree upon a journal entry in conformity therewith.

CARTER and NICHOLS, JJ, concur.