### ORTMAN v FALKNOR et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1501. Decided June 9, 1938

Goodrich & Goodrich, Troy, and W. L. Martindale, for plaintiff-appellee.

Herbert M. Eikenbary, Dayton, for defendants-appellants.

### OPINION

By HORNBECK, J.

The action in the trial court was to set aside as in fraud of creditors two transfers of 38 and a fraction acres of land which prior to the transfers was in the name of defendant, Webster O. Falknor, and his wife, Elizabeth Falknor. The first deed of date July 25, 1932, conveying the undivided one-half interest of the aforementioned real estate was made from Webster O. Falknor and his wife, who joined to release her dower, to George Becker. On the same day and immediately after the execution of the above described deed, George Becker conveyed the real estate by proper deed to Elizabeth Falknor. The first deed was filed for record on July 25, 1932 at 1:23 P. M. The second deed, at 1:26 P. M.

The defendant Becker, after admitting certain formal averments of the amended petition, generally denied the allegations thereof. Defendant Webster O. Falknor specifically denied each and every allegation of fraud. Defendant Elizabeth Falknor did not answer.

The case was tried and finding and judgment entered for the plaintiff ordering the deeds heretofore described set aside and the interest of defendant Webster O. Faulknor in said land subjected to the plaintiff's judgment and the claims of other creditors, if any, pro rata or in the order of their priority, if any are entitled to preference, and ordering sale of the real estate if satisfaction of plaintiff's judgment be not made within ten days from the filing of the decree.

Plaintiff took judgment against defendant, Webster O. Falknor, for the sum of $167.94

with interest from January 14, 1936 in Common Pleas Court. Montgomery County, Ohio, on his promissory note dated August 25, 1931, for the sum of $125.00 due one year after date, payable to plaintiff's decedent, signed by said defendant. The evidence disclosed that one month before this note became due the transfers heretofore set forth were made. It also appeared that defendant at the time of the transfers had no other property of sufficient value to enable him to pay the indebtedness evidenced by the aforesaid note.

It is conceded that the deed to Mr. Becker was merely for the purpose of placing the title in a third party, through whom it might be deeded to Mrs. Falknor. Defendant Webster O. Falknor said that he understood that it was a "process whereby to get a third party through whom to make a transfer."

The trial court found and it fairly appears from the record that the transfer to Mrs. Falknor was a gift and that no consideration whatever passed from her to her husband. Something is said in the record of her holding a note against her husband in the sum of $60.00 which had been executed some eighteen months before the date of the transfers and that it was representative of borrowed money, but at page 4 of the record the following questions were put and answers made on cross examination, Mr. Falknor being on the stand:

"Q. Then this $60.00 that you borrowed from her, that was from chicken money, was the reason that you deeded your half interest in the 38 acres to her? A. No, sir.
Q. What was the other consideration? A. Well it was coming to her."

And at page 15 on direct examination, same witness:
"Q. What was the consideration for the passing of this property—why did you give the property to your wife? A. Well, she had been a good wife, and through love and affection I gave it to her."

The trial judge held that under the facts developed the deeds were required to be set aside. As we understand it, it is the claim of the defendants-appellants that the conclusion of the trial judge was not justified insofar as it determined that the transfers were fraudulently made.

The determinative fact in this case is that the defendant Webster O. Falknor ██ gift when he had not sufficient left to pay his then existing creditor. In this situation, unexplained, the law implies that the transfer is fraudulent. If there are any circumstances which relieve a grantor from the imputation of fraud it is incumbent upon him to come forward and produce evidence to this effect. The law is and has been long since well defined. In **Crumbaugh et v Kugler, 20 Oh St 374**, in the first and second propositions of the syllabus it is said:

"A person largely indebted can not give away his property without amply providing for the payment of his debts. The suspicion of a fraudulent intention in making such gift may, in many such cases, be removed by proper evidence, but the question always remains whether the conveyance operated to the prejudice of creditors.
"Such a gift is never upheld unless property is retained, clearly and beyond doubt, sufficient to pay all the donor's debts."

And in **Oliver v Moore et 23 Oh St 474** it is said in the 4th Syllabus:

"In an action by a creditor for the purpose of subjecting property in the hands of a donee to the payment of his claim, it being made to appear that the debt was contracted by the donor prior to the making of the gift, the burden of showing the solvency of the debtor at the time of making the gift rests upon the defendant."

We are cited to **Levendorf v Gittleson, 21 Abs 63**, and particularly the first and second propositions of the syllabus:

"1. In the absence of evidence that a grantor of property was insolvent when he made the transfer, or that the grantee had knowledge of any fraudulent intent the grantor may have had to defraud creditors, the transfer made for good and sufficient consideration is valid.
"2. In an action brought under favor of §11105 GC to set aside a conveyance made in fraud of creditors, the plaintiff must establish that the grantee knew of the fraudulent intent on the part of the grantor."

Several distinguishing observations may be made respecting the cited authority and the law applicable to the instant case. Here,

the action was brought by favor of §8618 GC; there, the syllabus says under §11105 GC. There it did not appear that the grantor was insolvent at the time the deed was made as in the instant case. There it appeared that there was a good and sufficient consideration moving to the grantor from the grantee. Here there was no such consideration. It is necessary to an action under §11104 GC, that the grantees have knowledge of grantor's fraudulent intent. §11105 GC. Carruthers et v Kennedy, et, 121 Oh St 8. Not so under §8618 GC. Huwe v Knecht, 10 Oh Ap 437; Weis v Mann, 26 O.N.P. (N.S.) 552.

Kushmeder et v Overton, 26 Oh Ap 74 is also cited. In this case there was no relationship of debtor and creditor at the time the deed was made which the action sought to set aside.

We have examined the written decision of the trial judge which is before us, and are satisfied that he made the only determination of which the facts and the law were susceptible. The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.

## ON APPLICATION FOR REHEARING

Decided June 28, 1938

By THE COURT

Submitted on application of defendants for rehearing, based upon laches of the plaintiff in instituting his action to set aside conveyance.

This was an appeal on questions of law. The issue of laches was not drawn in the trial court in any manner. Therefore, the trial judge was not called upon to pass upon this question. Inasmuch as on appeal on questions of law we review assigned errors of the trial judge, the question of laches has, at no time, been properly before us. It is now too late to take advantage of this defense.

The application will be denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.