EDWARDS, ADMX., APPELLEE, *v.* MONNING ET AL.,
APPELLANTS.

(Decided December 18, 1939.)

*Messrs. Falk & Paul,* for appellee.
*Mr. William R. Collins* and *Mr. Raymond Huwe,* for
appellants.

Ross, J. This case is here on appeal on questions of
law from a judgment of the Court of Common Pleas
of Hamilton county.

The plaintiff is the administratrix of her decedent,
Justin Edwards, and instituted this action, which we
are now called upon to consider, against the defendant,
Anna Augusta Monning, for the purpose of establish-
ing the lien of a judgment upon property which the
plaintiff claims was gratuitously and fraudulently con-
veyed to such defendant, Anna Augusta Monning, by
her brother, John Frederick Monning.

John Frederick Monning caused the death of the
decedent of the plaintiff through the tortious operation
of an automobile which he was driving in the city of
Cincinnati on the 24th of January, 1933. The grantor,
in a criminal action, was found guilty of assault and
battery. This conviction was predicated upon his
operation of the automobile at the time he struck and

injured the decedent, who died from such injuries upon the 10th of February, 1933. Suit was filed by the plaintiff for and on behalf of the next of kin and sole beneficiaries of the decedent, who were in such action, alleged to be his widow and daughter. The action was brought to recover for the wrongful death of the decedent, and did not include any cause of action accruing to the decedent in his lifetime. The statement of counsel for plaintiff to the contrary is not borne out by the record.

The suit resulted in a judgment for the plaintiff for $20,000 on May 3, 1935, which judgment has not been paid or satisfied.

The day after the decedent was struck by the automobile, John Frederick Monning, the driver, transferred all his interest in certain real estate to his sister, Anna Augusta Monning. This consisted of an undivided one-half interest in certain property, the other one-half interest being owned by the sister, Anna Augusta Monning.

As far as the record shows he had no other property upon which an execution could be levied to satisfy the judgment against him, and he thereby rendered himself wholly insolvent.

We have no difficulty in concluding that there was substantial evidence to sustain a finding by the trial court that such conveyance was gratuitous; that Monning made such conveyance for the sole purpose of preventing the plaintiff or her decedent from satisfying a judgment against the grantor out of the property conveyed; that his sister, the defendant, Anna Augusta Monning, at the time of the transfer, was fully cognizant of the fact that her brother had injured the decedent in the operation of his automobile; and that such conveyance would cause her brother to be entirely execution proof and insolvent.

If the cause of action involved here arose in favor of the decedent and had been prosecuted by him or his ad-

ministratrix after his death, we would find no difficulty in immediately sustaining the decree of the trial court for such cause of action arose immediately upon the infliction of the injuries upon the decedent by reason of Monning's negligence, and it would be evident that such cause of action then arose before the conveyance to Monning's sister.

There can be no question that, where one creates a cause of action in another by reason of a tort upon such person, who thereafter becomes a creditor through a judgment based upon such tort, a gratuitous conveyance, which is clearly shown to have been made with intent to defraud such subsequent judgment creditor, may be set aside as fraudulent and is void as against such judgment creditor. Sections 8618 and 11104, General Code; *Evans* v. *Lewis,* 30 Ohio St., 11; *White* v. *Gates,* 42 *Ohio St.,* 109; *Pfisterer* v. *Toledo, Bowling Green & Southern Traction Co.,* 89 Ohio St., 172, 106 N. E., 18; *Schubeler, an infant,* v. *Lilly,* 23 Ohio App., 481, 155 N. E., 699; *Friedel, Admx.,* v. *Wolfle,* 41 Ohio App., 564, 180 N. E., 738, 39 A. L. R., 175; *Pierce* v. *Johnson, Exr.,* 136 Ohio St., 95, 23 N. E. (2d), 993.

In 19 Ohio Jurisprudence, 715, Section 35, it is stated:

"A subsequent creditor, for the purposes of this article, may generally be defined as one who becomes a creditor after a transfer sought to be impeached as 'fraudulent is, made. A person having a valid cause of action, sounding in tort, against a grantor executing a voluntary conveyance, at the time of such conveyance, upon which an action is subsequently brought and judgment recovered, is to be regarded as a subsequent creditor."

See, also, 12 Ruling Case Law, 500.

But these authorities do not reach the exact question here presented, for the reason that the cause of action upon which the judgment creditor now bases her

right to set aside the conveyance as fraudulent did not arise until the death of her decedent upon February 10, 1933. And the conveyance was made on January 25, 1933, some weeks before. However, substantially all the elements constituting the right of action of plaintiff for the wrongful death of her decedent existed prior to the conveyance excepting one—the death of the decedent. It was for this death caused by the wrongful acts of Monning that the plaintiff instituted her suit.

What then are her rights as to setting aside a conveyance as to her, manifestly made with an intent to prevent recovery of damages for such wrongful acts, the results of which acts, even including the death of the decedent, were undoubtedly anticipated by the grantor and grantee?

No case in Ohio directly sustains the right, where the cause of action has not accrued at the time of the conveyance, and there is, at least, one case which does not go as far as the authorities noted. *Kushmeder* v. *Overton*, 26 Ohio App., 74, 159 N. E., 351.

It would seem, therefore, in this case that we approach a frontier in this realm of the law. On the other hand, it does not appear that the situation presented by the facts in the case is very far removed from such boundary.

At the time this conveyance was made, the plaintiff's decedent had a cause of action against the grantor and had the plaintiff chosen to prosecute such cause of action, to which she succeeded as administratrix, undoubtedly the authorities noted applied to facts shown to exist would have sustained the instant action. It is true that she did not see fit to prosecute this action, but on the contrary, prosecuted one created by the death of her decedent. No voluntary act of either the grantor or the decedent changed the situation existing at the time of the conveyance to what it became when the cause of action for wrongful death arose

a few weeks thereafter. The death of decedent was admittedly due to the wrongful act of the grantor. He permitted a default judgment to be taken against him. He was held criminally responsible for his acts. It is true, the two actions are definitely not identical.

The evidence, however, clearly indicates that the grantor had every reason to believe that the decedent would not recover from the injuries which the grantor had inflicted upon the decedent by his tortious acts, and that a suit to hold the grantor financially responsible would undoubtedly be instituted.

It is our conclusion that such a state of facts brings this case within the spirit of the general rule as to subsequent creditors, and that justice and reason require us to apply that rule in the instant case.

On December 1, 1934, the grantee, Anna Augusta Monning, executed and delivered a mortgage on the entire premises, a one-half interest in which had been conveyed to her by her brother, to the defendant, The First National Bank of Norwood.

The trial court found that the mortgage was a first and best lien upon the premises and foreclosed the same, there being $1563.04 still due upon such mortgage.

The decree of the trial court in part reads as follows:

"It is further ordered that out of the proceeds of said sale the costs be first paid; that the balance of said proceeds be equally divided between Anna Augusta Monning and John Frederick Monning and that out of the share of Anna Augusta Monning the claim of The First National Bank of Norwood be satisfied with interest to the date of the final decree of confirmation and distribution and that if said one-half interest of Anna Augusta Monning be insufficient to satisfy this claim that it be satisfied out of the one-half interest belonging to the defendant, John Frederick Monning; that whatever remains of the one-half interest of the

defendant John Frederick Monning, the same be applied toward the satisfaction of the judgment heretofore secured by the plaintiff against the defendant John Frederick Monning.''

The plaintiff did not appeal from this decree and, therefore, can not be heard to complain thereof.

All of the defendants, that is, the grantor, grantee and the bank, have appealed, and if prejudicial error has intervened as to any of these, the decree must be vacated or modified accordingly.

The attention of this court is directed to the fact that the plaintiff has not sought to set aside the conveyance in question, but only to establish a lien upon the premises to satisfy her judgment.

We are at a loss to see how the bank is prejudiced by the decree of the trial court, as its lien is fully protected.

Counsel for the grantee, the sister of Monning, attempts to draw a distinction between the application of Section 8618, General Code, and Section 11104, General Code, to the facts of the instant case. The facts proved would justify relief under either section. We consider the relief granted by the trial court to plaintiff was fully justified by the statutes noted.

It is asserted by counsel for the grantee that Section 11105, General Code, causes a distinction to exist as against the application of Section 8618, General Code, to the facts involved. As we have before stated, we consider that the trial court was furnished with substantial evidence that the grantee was fully cognizant of the circumstances causing Monning to so hastily, after the injury to Edwards, transfer his interest in the property to his sister. Although some of the authorities noted heretofore deal with Section 8618, General Code, the rule as to subsequent creditors is not affected as far as the conclusion of the trial court is concerned.

There is ample evidence that the grantor in the instant case was insolvent immediately after the conveyance, that there was no present consideration for the deed, and that the grantee was fully aware of the facts and the grantor's fraudulent intent. The case of *Ortman* v. *Falknor,* 27 Ohio Law Abs., 312, can give no assistance to the defendant therefore in sustaining her position. The same is true of *Levendorf* v. *Gittleson,* 21 Ohio Law Abs., 63; *Detroit, Toledo & Ironton Rd. Co.* v. *Wright,* 48 Ohio App., 305, 193 N. E., 630; *Carruthers* v. *Kennedy,* 121 Ohio St., 8, 166 N. E., 801.

The trial court made the following finding of facts, justified by the evidence presented to it:

"The court further finds that the transfer was made with the intent to defraud the plaintiff, a subsequent creditor; that the defendant, Anna Augusta Monning, had knowledge of this fraud and participated therein and that the conveyance made by the same John Frederick Monning to Anna Augusta Monning was without consideration and plaintiff is entitled to have the transfer of said real estate set aside."

Great stress is laid by the grantee upon the fact that at the time of the conveyance the grantee held the note of her brother for $500, and that the entire property in question had originally been owned by the grantee, who received it from her mother when a house was built upon the lot, at about which time grantee was induced to convey a one-half interest in the premises to her brother and take the note for $500. It is significant that such note has not been surrendered, or in any way cancelled, and that by its terms it was to be paid grantee upon the sale of the premises. We agree with the trial court that these facts do not change the application of the principles mentioned.

For these reasons, the decree of the trial court will not be disturbed.

The judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., concurs.
MATTHEWS, J., concurs in judgment.